IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAYSHAWN STEVENSON, )
)
Plaintiff, )
)
v. ) CASE NO. 1:26-CV-338-WKW
) [WO]
DONALD VALENZA and )
COMMANDER MOORE, )
)
Defendants. )

## **ORDER**

On April 30, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by thirty-two inmates detained at the Houston County Jail, including Plaintiff Tayshawn Stevenson, was received and docketed. *See McDaniel v. Valenza*, 1:26-cv-306-RAH-JTA (M.D. Ala. filed Apr. 30, 2026), Doc. # 1. On May 4, 2026, an Order was issued, directing that separate civil actions be opened for thirty-one of the thirty-two plaintiffs. *Id.*, Doc. # 2 ("May 4 Order"). In accordance with the May 4 Order, this action was opened. (*See* Docs. # 1, 2.)

At the time this action was opened, Plaintiff had not paid the $405.00 filing and administrative fees or filed an application for leave to proceed *in forma pauperis* (IFP). On May 4, 2026, the court issued a Notice of Deficiency directing Plaintiff to either pay the requisite filing fees or submit an IFP application by May 18, 2026. (Doc. # 3.) The Notice of Deficiency expressly cautioned Plaintiff that his failure to

timely comply may result in an order dismissing this case. (*Id.*) To date, Plaintiff has failed to comply with the Notice of Deficiency's directives. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe."
*McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the court's Notice of Deficiency and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of IFP status, this action will be dismissed without prejudice.  No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 1st day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE